E-FILED
Wednesday, 15 April, 2020  03:19:20 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHELLEY MAE LEON a/k/a SHELLEY GOODALL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 16-cv-3228 |
| FCA US, LLC, | ) ) | |
| Defendant. | ) ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on cross-motions for summary judgment. Petition for Summary Judgement Case Number 3:16-03228-SEM-TSH  (d/e 57) (Goodall Motion); Defendant FCA US LLC's Motion For Summary Judgment  Pursuant To Rule 56 And Local Rule 7.1(D) (d/e 61) (Chrysler Motion).  FCA US LLC was formerly known as the Chrysler Group.[1]  The Court hereinafter refers to FCA US LLC as "Chrysler."  The Court refers to Plaintiff Shelley Mae Leon a/k/a Shelley Goodall as "Goodall."   Plaintiff's maiden name is Goodall.  Her married name is Leon. Goodall was married twice before.  Her former married names were Metzger and Burg.  See Goodall Deposition, at 3-4, 17.  The parties

---

[1] See Chrysler Motion, Exhibit 2, Deposition of Shelley M. Goodall (Goodall Deposition), at 4.

consented to proceed before this Court.  <u>Consent to the Exercise of</u>
<u>Jurisdiction by a United States Magistrate Judge and Reference Order</u>
<u>entered June 17, 2019 (d/e 47)</u>.  For the reasons set forth below, the Court
allows the Chrysler Motion, denies the Goodall Motion, and enters
summary judgment in favor of Chrysler and against Goodall.

<u>STATEMENT OF FACTS</u>

For purposes of summary judgment, the Court looks at the facts in
the light most favorable to the non-moving party.  <u>Anderson v. Liberty</u>
<u>Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  When read in that light, the
evidence shows the following.

On January 1, 2009, Goodall was involved in a two-vehicle
automobile accident (Accident) in Springfield, Illinois.  Goodall was driving
a 1996 Chrysler Sebring JXI Two-Door Convertible (Car).  <u>See</u> <u>Goodall</u>
<u>Deposition</u>, at 79, 86-87.  The driver's side airbag (Airbag) inflated on
impact during the Accident.  Goodall testified that a hole the size of a half-
dollar was torn in the inflated Airbag which released toxic gases.  She
testified that the released gases caused severe personal injuries, including
second degree burns, discoloration of areas of her skin, traumatic
glaucoma in both eyes, damage to lungs, and damage to her brain that
caused mini-strokes.  <u>See</u> <u>Goodall Deposition</u>, at 93-112; 160-63; 197-216.

Immediately after the Accident, Goodall noticed that she had white spots on the pants she was wearing.  She also noticed holes in her pants.  The leather coat she was wearing was also discolored.  Goodall believes the gases emitted from the Airbag in the Accident caused the damage to her pants and the discoloration of her leather coat.  She had the leather coat cleaned.  Goodall testified that the cleaners put a note on the receipt that the marks on the coats were the result of chemical burns and were permanent.  Goodall Deposition, at 113-19.  The receipt from the cleaners contained the following paragraph regarding chemical burns to top grain leather clothing:

> CHEMICAL BURNS:   Some stains in garments may cause localized hardening of the skins.  Among them may be soda, juice, cat urine, perspiration, and uric acid.  The stain is not always visible to us before cleaning, therefore we may not have had the opportunity to prespot or pretreat the stain.  These stains are classified by us as chemical burns, and are usually considered to be permanently damaged areas.

Chrysler Motion, Exhibit 2, Exhibits to Goodall Deposition, Deposition Exhibit 1, Cleaner's Customer Service Summary dated February 6, 2009.

Within a day of the Accident, Goodall contacted an attorney to represent her in her claims for personal injuries from the Accident.  She told the attorney that there was something that went wrong with the Airbag.  Goodall Deposition, at 167.  Goodall and her father also took photographs

of: the burn spots on her face and other parts of her body; the damage to the clothing she wore at the time of the Accident; the Car after the Accident; and the Airbag after the Accident, and, in particular, the half-dollar size hole that was torn in the Airbag. See Goodall Deposition, at 116-42, 271-87 (discussing the photographs);[2] Chrysler Motion, Exhibit 2, Goodall Deposition Exhibits, Deposition Exhibit 2, Collected Photographs.

Goodall also called Chrysler on the day of the Accident or the day after. Goodall Deposition, at 172. She told the Chrysler representative, "[L]ook, I need to speak to somebody 'cause something bad happened here and we need to address this." Goodall acted quickly because she knew something bad happened to her, "Because I didn't want to mess around because I knew how I was feeling and what I had been exposed to. It's like this is not good." Goodall Deposition, at 121. Goodall believed the problems were caused by exposure to the chemicals that came out of the Airbag. Id. A Chrysler representative called back two or three days after the Accident. Goodall Deposition, at 120, 173. Goodall asked the Chrysler representative for a Material Safety Data Sheet (MSDS). Goodall ran a cleaning business and kept MSDSs on all the cleaning products her

---

[2] Some of the photographs of red discoloration of Goodall's skin were taken later, as late as 2016, to show that the skin discoloration remained. See Goodall Deposition, at 281.

business used.  The MSDSs listed the toxic chemicals in each product. Goodall kept the MSDSs at her business in case someone claimed to be injured by her company.  The Chrysler representative did not respond directly to Goodall's request for the MSDS.  Rather, the representative asked to inspect the Car.  See Goodall Deposition, at 173-75.

On January 5, 2009, Goodall saw a doctor for a follow-up after the Accident.  She told her doctor that she was concerned that inhaling toxic gases at the Accident damaged her lungs.  Goodall mentioned to her doctor that she did some research on airbags and learned that some of the chemicals used in airbags were toxic.  Goodall started researching airbags because she started having problems breathing immediately after the Accident.  Goodall Deposition, at 168-71.

A few days later, Chrysler representatives inspected the Car.  The Car was stored at an auto body repair shop in Springfield.  Goodall Deposition, at 132-33.  On January 12, 2009, the Chrysler Customer Claims Resolution Group wrote Goodall a letter.  Goodall Motion, attached January 12, 2009 letter (January 12, 2009 Letter).  The January 12, 2009 Letter stated, in part:

> Chrysler LLC conducted an investigation into the incident and inspected the vehicle.  Specifically, the inspector found no problems with the subject's air bag system. Air bags do not contain any chemicals. The burns you sustained were caused

by the the (sic) 200 mph force of the deploying air bag. This is the amount of force madadted (sic) by Federal law. The powder you noticed was a talc powder that is used so that the folds of the air bag do not stick together. This talc is necessary so that when needed, the air bags will deploy correctly, as they did in your accident.

I have enclosed an informational brochure pertaining to air bag systems should you have any further questions. In addition, Chrysler LLC notes the following website that contains useful consumer information on air bag safety and includes animations on how they function during an accident: http://www.safercar.gov/air.htm

Again, we are sorry to hear of your injuries and sincerely hope that you are well on the road to recovery.

Thank you again for raising your concerns with Chrysler LLC.

January 12, 2009 Letter.

After receiving the January 12, 2009 Letter, Plaintiff continued to believe that her post-accident symptoms were caused by the substance she observed spraying out of the Airbag during the accident. She thought that the force of the impact with the Airbag might explain the skin burns, but not the holes in her clothes. She continued to ask Chrysler representatives for the MSDS for the Airbag. Goodall did not believe the explanation in the January 12, 2009 Letter. Goodall Deposition, at 178-82.

On January 23, 2009, Goodall saw pulmonologist Dr. Carl Lawyer, M.D. Dr. Lawyer told Goodall he had experience with the effects of airbags. He diagnosed Goodall with exposure to airbag deployment with

transient respiratory symptoms.  Dr. Lawyer told Goodall that her breathing problems were related to the chemicals from the Airbag.  <u>Goodall Deposition</u>, at 183-89.

A month or two after the Accident, Goodall switched attorneys.  She told the second attorneys to look into the injuries she suffered from the toxic gas from the Airbag, "'I've told them both [her attorneys] you need to address the issue here, there's something not right with this airbag." <u>Goodall Deposition</u>, at 165.  Both of the attorneys, however, only focused on claims against the other driver in the Accident and the other driver's insurance company.  <u>Id.</u> at 166, 192-93.   Her attorneys filed a personal injury action against the driver of the other vehicle involved in the Accident. She settled that action without going to trial.  <u>See</u> <u>Goodall Deposition</u>, at 10.

In late January or early February 2009, Plaintiff contacted a company in St. Louis, Missouri named Chemir to ask about testing the Airbag.  The Chemir representative told her that testing would cost thousands of dollars. The Chemir representative told Goodall to talk to her attorney about testing the Airbag.  <u>Goodall Deposition</u>, at 190-95.

Plaintiff's father told Plaintiff not to get rid of the Car because her lawyers were working on her case and the vehicle was evidence.  Goodall's

father moved the Car from the auto body shop to his garage.  In 2010,

Goodall sold the Car for scrap.  Goodall's father removed the Airbag before

the Car was sold and kept the airbag.  In 2015, Goodall threw out the

Airbag.  See Goodall Deposition, at 143-47, 158.   She bought another

airbag like the Airbag, "But I have an exact replica, same make, model, and

year, everything out of the same car I was driving.  And I have one – . . .

that's not been deployed.  I don't want to deploy that thing."  Goodall

Deposition, at 146.

On March 3, 2015, Goodall filed for bankruptcy.  Chrysler Motion,

Exhibit 4, In re Shelley Mae Burg, C. D. Ill. Bankr. Case No. 15-70289,

Voluntary Petition in Bankruptcy (Bankruptcy Petition).  She filed

bankruptcy because of her debts related to her divorces and medical bills

after the Accident.  Goodall Deposition, at 73.  Goodall did not list her

cause of action against Chrysler as an asset in her bankruptcy petition.

Bankruptcy Petition, Schedule B Personal Property.  Goodall received a

discharge in bankruptcy on June 17, 2015.  Chrysler Motion, Exhibit 5, In re

Shelley Mae Burg, C. D. Ill. Bankr. Case No. 15-70289, Discharge of

Debtor.

In 2016, the parts manager at the Landmark Chrysler automotive

dealership in Springfield, Illinois, provided Goodall with a copy of the MSDS

3:16-cv-03228-TSH   # 70   Page 9 of 20

for Airbag.  <u>Goodall Deposition</u>, at 265-66; <u>Goodall Motion</u>, attached

<u>MSDS</u>; <u>see</u> <u>Complaint</u>, at 5.  The MSDS had a subheading "Hazard

Communication Sheet."  Thereunder, the MSDS stated that the Airbag

inflator contained hazardous ingredients in the form of "A POWDERED

MIXTURE OF SODIUM AZIDE AND ADDITIVES IN A SEALED METAL

CONTAINER."  The chemicals included copper oxide, sodium azide, nitric

acid, potassium, and boron.  <u>MSDS</u>.

According to the Occupational Safety and Health Administration

(OSHA) the hazardous chemical sodium azide referenced in the MSDS is

the propellant used to inflate an airbag.  According to OSHA, the chemical

is consumed in the reaction that inflates the airbag:

> Air bags are inflated by nitrogen gas which is produced by the
> highly toxic chemical, sodium azide.  However, the sodium
> azide is completely consumed by this reaction.  After deflation
> of the bag some irritant dusts (including sodium hydroxide) are
> released.  NHTSA advises that rescue personnel wear gloves
> and eye protection for this situation.  However, there is no need
> to wait for 10 to 20 minutes for vehicle ventilation.

<u>FCA US LLC's Reply in Support of its Motion for Summary Judgment (d/e</u>

<u>65)</u>, Exhibit C, <u>OSHA Hazard Information Bulletins Automobile Air Bag</u>

<u>Safety, dated August 30, 1990</u>.

Goodall stated in her deposition that from the time of the Accident on

January 1, 2009, she knew that the gases emitted from the Airbag during

the Accident caused her injuries:

> Q.    . . . .  So from the moment you were sitting in that car and
> up until the present day, during that entire, you know, almost 11
> year period you have always known that the problems you have
> are from chemicals that were coming out of that airbag?
>
> A .    Yes, yes.
>
> Q.    It doesn't matter what Chrysler told you or what they didn't
> tell you, --
>
> A.    Yeah.
>
> Q.    -- you were firm in that belief and you did your research, --
>
> A.    Yeah.
>
> Q.  -- you talked to experts?
>
> A.    Yep.
>
> Q.  You didn't let anyone stand in your way, no one was going
> to stop you from figuring out the truth?
>
> A.    Correct. That's correct.

Goodall Deposition, at 269-70.

Goodall testified that many of her injuries from the gases emitted by

the Airbag are permanent and require ongoing medical care.  See Goodall

Motion, at 216-234.  Goodall says that she did not discover the damage to her brain until 2016.  See Goodall Motion, at 203, 233.

## ANALYSIS

At summary judgment, the movant must present evidence that demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to the non-moving party.  Any doubt as to the existence of a genuine issue for trial must be resolved against the Defendants.  Anderson, 477 U.S. at 255.  Once the movant has met her or its burden, the non-moving party must present evidence to show that issues of fact remain with respect to an issue essential to non-moving party's case, and on which she or it will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In this case, the undisputed evidence shows that Goodall's claim against Chrysler is barred by the statute of limitations.  Goodall brings this diversity action for personal injury under Illinois law.  The Illinois statute of limitations applies in this case.  See Klein v. George G. Kerasotes Corp., 500 F.3d 669, 671 (7th Cir. 2007).  The Illinois statute of limitations for personal injury actions is two years.  735 ILCS 5/13-202.  The Accident

3:16-cv-03228-TSH  # 70  Page 12 of 20

occurred on January 1, 2009.  Goodall testified that she knew from the moment the Accident happened that she was injured by the gases emitted from the hole in the Airbag.  Her cause of action accrued at that point. Golla v. General Motors Corp., 167 Ill.2d 353, 360-61, 657 N.E.2d 894, 898 (Ill. 1995) ("[W]here the plaintiff's injuries are caused by a sudden traumatic event, the plaintiff's cause of action accrues when the injury occurred."). Goodall had two years to bring this action against Chrysler.  She did not bring the action until 2016.  This action is barred by the statute of limitations.

Goodall argues that she did not know all of her injuries until 2016 when she experienced mini-strokes which she claims were caused by the toxic gases emitted by the Airbag.  She argues that her cause of action did not accrue until then.  The Court disagrees.  The cause of action accrued when Goodall knew that she was injured, and the injury was wrongful.  The fact that she did not know the full extent of injuries until later did not toll the statute under Illinois law,

> The plaintiff here does not claim that she was unaware of any injury at the time of the accident or that she was unaware of the causal connection between that injury and the allegedly defective automobile seat.  Rather, she claims that, at the time of her initial injury, she was unaware of the ultimate extent of damages she sustained.  This court has never suggested that plaintiffs must know the full extent of their injuries before the statute of limitations is triggered.  Rather, our cases adhere to

Page **12** of 20

the general rule that the limitations period commences when
the plaintiff is injured, rather than when the plaintiff realizes the
consequences of the injury or the full extent of her injuries.

Golla, 657 N.E.2d at 899-900.  Goodall knew immediately after the

Accident that the Airbag injured her.  Her cause of action against Chrysler

accrued at that time.  She had two years to bring this action.  She did not

do so until more than seven years later.  The claims are barred.

Goodall also seems to be arguing that she is entitled to use equitable

estoppel to toll the statute because Chrysler falsely stated in the January

12, 2009 Letter that the Airbag did not emit any toxic chemicals during the

Accident.   To establish equitable estoppel, Goodall must present evidence

that:

> (1) the other party misrepresented or concealed material facts;
> (2) the other party knew at the time the representations were
> made that the representations were untrue; (3) the party
> claiming estoppel did not know that the representations were
> untrue when the representations were made and when they
> were acted upon; (4) the other party intended or reasonably
> expected the representations to be acted upon by the party
> claiming estoppel or by the public generally; (5) the party
> claiming estoppel reasonably relied upon the representations in
> good faith and to their detriment; and (6) the party
> claiming estoppel has been prejudiced by his reliance on the
> representations.

Parks v. Kownacki, 193 Ill. 2d 164, 180, 737 N.E.2d 287, 296 (Ill. 2000);

see Clark v. United States, 703 F.3d 1098, 1101 (7th 2013).  Goodall

cannot establish equitable estoppel because she did not rely on the

representations in the January 12, 2009 Letter to her detriment.  She did not believe Chrysler's representations.  She said that she knew that the Airbag emitted toxic chemicals that caused her injuries.  She has no basis for equitable estoppel.

Goodall also cannot use equitable tolling to toll the two-year statute in this case.  Equitable tolling, "permits a plaintiff to avoid the bar of the statute of limitations if *despite all due diligence* he is unable to obtain vital information bearing on the existence of his claim."  Clarke, 703 F.3d at 1101 (emphasis in the original).  Goodall cannot rely on equitable tolling because she knew she had a claim immediately after the Accident.  Goodall argues that she needed the MSDS before she could bring this action.  The evidence does not support this argument.  She knew the Airbag caused her injuries.  By January 5, 2009, Goodall knew from her own research that airbags contained toxic chemicals.  On January 23, 2009, Dr. Lawyer, a pulmonologist, confirmed that airbags caused these types of injuries.  He told Goodall he had experience with airbags and also told her that her breathing problems were related to the chemicals from the Airbag.  She asked her personal injury lawyers to pursue this claim against Chrysler.  They refused, but she did not seek out other counsel to help her or bring the action on her own.  Instead, she waited over seven years.  The

undisputed facts show that she was not diligent.  Equitable tolling does not apply in this case.

Moreover, even if the statute of limitations was tolled, Chrysler would still be entitled to summary judgment.  Chrysler correctly asserts that Goodall's omission of her claim against Chrysler from her 2015 Bankruptcy Petition bars her from bringing this action.  A person must list all assets in their Bankruptcy Petition.  11 U.S.C. § 521(a)(1)(B).  Goodall's right to sue Chrysler for damages was an asset of the bankruptcy estate.  11 U.S.C. § 541(a)(1); see 11 U.S.C. § 101(5) (A).  She should have listed her cause of action against Chrysler on her Bankruptcy Petition.   Her Bankruptcy Trustee then could have sued Chrysler and recovered the money to pay Goodall's creditors. See 11 U.S.C. § 704(a)(1).   Goodall listed over $60,000 in unsecured  creditor claims and over $150,000.00 in total creditor claims.  Bankruptcy Petition, Summary of Schedules, and Schedule F, Schedule of Creditors Holding Non-Priority Unsecured Claims. The Bankruptcy Trustee never had a chance to pursue Goodall's claims against Chrysler because Goodall did not disclose the claim.  Instead she received a discharge and the unsecured creditors she owed more than $60,000.00 got nothing.

Under these circumstances, Goodall is estopped from bringing this action to try to collect the money from Chrysler and keep it for herself.  See Becker v. Verizon North, Inc., 2007 WL 1224039, at *1 (7th Cir. April 25, 2007); Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006); Biesek v. Soo Line R. Co., 440 F.3d 410, 412 (7th Cir. 2006);  see also Bland v. Rahar, 2008 WL 109388, at *2-*4 (C.D. Ill. January 9, 2008).  She represented to the Bankruptcy Court in her Bankruptcy Petition that she did not have this cause of action against Chrysler.  She is bound by that representation to the Bankruptcy Court and is judicially estopped from bringing the claim now.  Becker, 2007 WL 1224039, at *1.  She cannot use the bankruptcy system to cut off her creditors' right to payment and keep the cause of action against Chrysler for herself.  Her cause of action against Chrysler is barred by judicial estoppel.

Finally, even if, somehow, the statute of limitations should be tolled and judicial estoppel does not apply, Goodall fails to present evidence on the elements of her claims against Chrysler.  Goodall alleges that the Airbag was defective and caused her injury.  This is a strict product liability claim.  At summary judgment, Goodall must present evidence on every element of her claim: "(1) a condition of the product as a result of manufacturing or design, (2) that made the product unreasonably

dangerous, (3) and that existed at the time the product left the defendant's control, and (4) an injury to the plaintiff, (5) that was proximately caused by the condition." Gray v. Ford Motor Co., 2011 WL 4859995, at \*5 (C.D. Ill. 2011).  Goodall "must make a sufficient showing of evidence for each essential element of [her] case on which [she] bears the burden at trial."  Id. (quoting Kampmier v. Emeritus Corp., 472 F.3d 930, 936 (7th Cir.2007) (citation omitted)).

Goodall's evidence is, essentially, the MSDS shows that the chemicals which inflated the Airbag contained hazardous chemicals, the Airbag inflated in the Accident, a hole tore in the Airbag in the Accident, and I was injured.  Proof that a product injured a person is not sufficient to establish a product liability claim.  Phillips v. U.S. Waco Corp., 163 Ill.App.3d 410, 417, 516 N.E.2d 670, 674 (Ill. App. 1st Dist. 1987).  The evidence does not constitute evidence on every element of the claim.

Goodall presents no evidence that the Airbag had a manufacturing or design defect that made it unreasonably dangerous.  The fact that the Airbag contained hazardous chemicals does not tend to show that the Airbag was defective.  The OSHA Safety Bulletin, quoted above, states that the hazardous chemicals are the propellants that inflate the air bag and are consumed during inflation and are not present in an inflated airbag.

Goodall needed some other evidence to show that the use of hazardous

chemicals as propellants was a defective design that made the Airbag

unreasonably dangerous or that Chrysler defectively manufactured the

Airbag and thereby made it unreasonably dangerous.  She has presented

no evidence on these elements.  See Gray, 2011 WL 4859995, at *5-*6.

Goodall further has not presented evidence that any manufacturing or

design defect was the proximate cause of her injuries:

> [T]he plaintiff was required to present some evidence
> concerning the absence of abnormal use and the condition of
> the product when it left the defendant's control, and/or fault of
> the defendant in producing an unreasonably dangerous
> product. . . . While the exact cause of the injury need not be
> proven, plaintiff must establish a credible basis for a reasonable
> inference that a condition of the product proximately caused the
> injury and for elimination of reasonable secondary causes.

Phillips, 163 Ill.App.3d at 416-17, 410 N.E.2d at 674 (internal citations

omitted); see Gray, 2011 WL 4859995, at *9.  Chrysler sold the Car in 1995

or 1996.  The Accident happened on January 1, 2009, some 13 or 14 years

later.  The Airbag could have suffered damage during those 13 to 14 years

from any number of causes, from improper maintenance, to corrosion, to

any number of other possibilities.  Such damage to the Airbag could have

caused Goodall's injuries rather than Chrysler's alleged defective design or

manufacturing.   Goodall presents no evidence to show Chrysler's actions

were the proximate cause of her injuries rather than some intervening

event that may have occurred over the 13 to 14 years from 1996 to 2009.

The replica of the Airbag that Goodall bought cannot provide any

information about the impact of 13 to 14 years of use of the Car on the

Airbag.  Goodall cannot present the Airbag itself because she threw it

away.  See Phillips, 163 Ill.App.3d at 418-19, 410 N.E.2d at 675 (Plaintiff

cannot establish proximate cause without the defective product as

evidence); Shramek v. General Motors Corp., Chevrolet Motor Division, 69

Ill.App.2d 72, 81-82, 216 N.E.2d 244, 248-49 (Ill. App. 1st Dist. 1966)

(same).  Goodall presents no evidence to establish proximate cause.[3]

Chrysler , therefore, is entitled to summary judgment.  See Gray, 2011 WL

4859995, at *9; Phillips, 163 Ill.App.3d at 417, 410 N.E.2d at 674.

THEREFORE, IT IS ORDERED that Defendant FCA US LLC's

Motion For Summary Judgment  Pursuant To Rule 56 And Local Rule

7.1(D) (d/e 61) is ALLOWED;  Plaintiff Shelley Leon a/k/a Shelley Goodall's

Petition for Summary Judgement Case Number 3:16-03228-SEM-TSH

(d/e 57) is DENIED.  The Court enters summary judgment in favor of

---

[3] The lack of evidence would also entitle Chrysler to summary judgment if Goodall intended to allege a negligence claim instead of a strict products liability claim.  To overcome summary judgment, Goodall would still need to present evidence to show Chrysler breached a duty by failing to make a reasonably safe product and that the breach of that duty proximately caused her injuries.  See Phillips, 163 Ill.App.3d at 417, 516 N.E.2d at 674.

Defendant FCA US LLC and against Plaintiff Shelley Mae Leon a/k/a

Shelley Goodall.  All pending motions are denied as moot.

THIS CASE IS CLOSED.

ENTER:   April 15, 2020


_____s/ *Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE